IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST DANIEL MEDINA, | No. 2:12-cv-1498-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SNYDER, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

      On November 6, 2013, the court directed plaintiff to file an amended complaint within 30 days. Plaintiff was warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. To date, plaintiff has not complied.

      Instead, on November 15, 2013, mail directed to plaintiff was returned by the United States Postal Service as undeliverable. Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within

63 days of mail being returned. To date, more than 63 days have elapsed since mail was returned and plaintiff has not notified the court of a change of address.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to file an amended complaint as directed, and his failure to submit a notice of change of address, the court finds that dismissal of this action is appropriate.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders. The Clerk of the Court is directed to close this case.

DATED: March 5, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE